# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GILEAD SCIENCES, INC.; GILEAD SCIENCES IRELAND UC,<br><br>      Gilead,<br><br> v.<br><br>AJC MEDICAL GROUP, INC.; ALLIANCE MEDICAL CENTER, INC.; ALLIED HEALTH ORGANIZATION, INC.; BAIKAL MARKETING GROUP, INC.; A BETTER YOU WELLNESS CENTER, LLC; 3RD STEP RECOVERY GROUP, INC. D/B/A CONTINENTAL WELLNESS CENTER; COMMUNITY HEALTH MEDICAL CENTER LLC; DOCTORS UNITED, INC. D/B/A DOCTORS UNITED GROUP; FLORIMED MEDICAL CENTER CORP.; JUAN JESUS SALINA, M.D. CORP.; LABS4LESS LLC; PHYSICIAN PREFERRED PHARMACY, INC.; POSITIVE HEALTH ALLIANCE, INC.; PRIORITY HEALTH MEDICAL CENTER, INC.; TESTING MATTERS INC.; UNITED CLINICAL LABORATORY LLC; UNITED PHARMACY LLC; WELL CARE LLC; TAMARA ALONSO; JEAN ALEXANDRE; CHENARA ANDERSON; MYRIAM AUGUSTINE; TWIGGI BATISTA; ARSEN BAZYLENKO; MICHAEL BOGDAN; BARBARA BRYANT; AUGUSTINE CARBON; JENNIFER JOHN CARBON; KHADIJAH CARBON; ALEJANDRO CASTRO; JOHN CATANO; JEAN CHARLOT; SHONTA DARDEN; ALEXANDER EVANS; MARIA FREEMAN; JESULA GABO; SHAJUANDRINE GARCIA; BARBARA GIBSON; KERLINE JOSEPH; VIERGELA JOSEPH; ANDRE KERR; GARY KOGAN; CASSANDRA LOUISSAINT; CORA MANN; NICK MYRTIL; IFEOMA NWOFOR; ERIK JOSEPH PAVAO; WILLIE PEACOCK; MICHAEL PIERCE; MICHEL POITEVIEN; JEAN RODNEY; TATIANA ROZENBLYUM; JUAN JESUS SALINA; DIMITRY SHAPOSHNIKOV; ROMAN SHEKHET; KIRILL VESSELOV; MIKHAIL VESSELOV; TOMAS WHARTON,<br><br>      Defendants. | Civil Action No. ___ |

12002489

# [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION

Upon review of the expedited motion for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction of Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead"), the memorandum of law submitted in support of Gilead's motion, the accompanying declarations and the exhibits annexed thereto, and the complaint, and for good cause shown, it is hereby:

ORDERED that for the reasons set forth in Gilead's expedited motion for entry of a Temporary Restraining Order and papers submitted in support thereof, Gilead's request be and hereby is GRANTED; and it is further

ORDERED that, pending further order of this Court, Defendants AJC Medical Group, Inc.; Alliance Medical Center, Inc.; Allied Health Organization, Inc.; Baikal Marketing Group, Inc.; A Better You Wellness Center, LLC; 3rd Step Recovery Group, Inc. d/b/a Continental Wellness Center; Community Health Medical Center LLC; Doctors United, Inc. d/b/a Doctors United Group; Florimed Medical Center Corp.; Juan Jesus Salina, M.D. Corp.; Labs4Less LLC; Physician Preferred Pharmacy, Inc.; Positive Health Alliance, Inc.; Priority Health Medical Center, Inc.; Testing Matters Inc.; United Clinical Laboratory LLC; United Pharmacy LLC; Well Care LLC; Tamara Alonso; Jean Alexandre; Chenara Anderson; Myriam Augustine; Twiggi Batista; Arsen Bazylenko; Michael Bogdan; Barbara Bryant; Augustine Carbon; Jennifer John Carbon; Khadijah Carbon; Alejandro Castro; John Catano; Jean Charlot; Shonta Darden; Alexander Evans; Maria Freeman; Jesula Gabo; Shajuandrine Garcia; Barbara Gibson; Kerline Joseph; Viergela Joseph; Gary Kogan; Cassandra Louissaint; Cora Mann; Nick Myrtil; Ifeoma Nwofor; Erik Joseph Pavao; Willie Peacock; Michael Pierce; Michel Poitevien; Jean Rodney; Tatiana Rozenblyum; Juan Jesus Salina; Dimitry Shaposhnikov; Roman Shekhet; Kirill

Vesselov; Mikhail Vesselov; and Tomas Wharton (collectively, "Defendants") and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them (together with Defendants, the "Restrained Parties"), shall, upon service of this Order in the manner described below, be immediately temporarily restrained from:

1. Enrolling or seeking to enroll in Gilead's Advancing Access® Patient Assistance Program ("PAP") or Medication Assistance Program ("MAP") any individual who has been prescribed TRUVADA® or DESCOVY®;

2. Seeking or accepting reimbursements, either directly or indirectly, for any TRUVADA® or DESCOVY® dispensed to any individual enrolled in Gilead's PAP or MAP;

3. Dispensing TRUVADA® or DESCOVY® to individuals in packaging other than original, unopened containers from the manufacturer;

4. Dispensing TRUVADA® or DESCOVY® to individuals unaccompanied by its FDA-approved labeling, package insert, lot number, serialization number, or expiration date;

5. Selling, purchasing, or otherwise obtaining, TRUVADA® or DESCOVY® that had previously been filled or dispensed;

6. Removing from their premises, or discarding, destroying, transferring or disposing in any manner, any information, computer files, electronic files, WhatsApp or text messages, business records (including but not limited to e-mail communications) or other documents relating to Defendants' assets and operations or relating in any way to any of the activities referred to in subparagraphs (1) through (5) above; and

7. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (6) above; and it is further

ORDERED that the temporary restraining order as set forth in subparagraphs (1) through (7) above shall be in effect for a period of 14 days from the entry hereof, after which it shall expire absent further order of the Court; and it is further

ORDERED that, within two business days of the entry of this Order, the Restrained Parties shall turn over to Gilead, or any person or entity designated by Gilead, all TRUVADA® or DESCOVY® that is in the Restrained Parties' possession, custody or control and that either (a) is no longer in its original, unopened container from the manufacturer, or (b) that had previously been filled or dispensed, to be held by Gilead until further order of this Court; and it is further

ORDERED that the Defendants shall produce to Gilead, within three (3) business days of entry of this Order, a document or documents sufficient to show:

1. The names, addresses, and contact information of all pharmacies, clinics, laboratories, or any other businesses, proprietorships, corporate entities or partnerships that since February 1, 2018, any Defendant has, or had, a direct or indirect ownership interest in, or has directly or indirectly directed or controlled; or which is a direct or indirect predecessor or successor in interest, parent, subsidiary, or affiliate of a Defendant ("Document Order 1");

2. All reimbursements or other remuneration received, either directly or indirectly, since February 1, 2018 by any Defendant or pharmacy, clinic, laboratory, or other business, proprietorship, corporate entity, or partnership identified in response to Document Order 1, on an

entity-by-entity basis, for any TRUVADA® or DESCOVY® dispensed to any individual enrolled in Gilead's PAP or MAP ("Document Order 2");

      3.      The names, addresses, phone number and contact information for all directors, officers and other persons employed since February 1, 2018 by any Defendant or pharmacy, clinic, laboratory, or other business identified in response to Document Order 1 ("Document Order 3");

ORDERED that all discovery shall proceed on an expedited basis without need to comply with the time limits of the Federal Rules of Civil Procedure, the notice requirement of Rule 45(a)(b), or with Local Rule 26.1(h);

ORDERED that Gilead may serve non-party subpoenas immediately and that such subpoenas may be made returnable within five (5) days; and it is further

ORDERED that the depositions of the Defendants and nonparties, to be conducted remotely by Zoom or similar remote platform, are to begin immediately and may be taken on three (3) days' notice; and it is further

ORDERED that Gilead may immediately serve document requests upon each Defendant and that such requests may be made returnable within five (5) days; and it is further

ORDERED that within five (5) business days of the entry of this Order to Show Cause, Gilead shall post an undertaking with the Clerk of the Court in the form of a bond, cash or check in the amount of $25,000.00 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Order to Show Cause; and it is further

ORDERED that service of the Summons and Complaint and of this Order to Show Cause, together with copies of the papers in support thereof, shall be made by delivering true

copies thereof to any person of suitable age found at Defendants' business or home addresses, or if no persons are present, by fixing a copy to the door, and that such service shall be deemed sufficient service; and it is further

ORDERED that Defendants shall show cause before this Court at Courtroom _____, _____, on the \_\_\_ day of _____, 2020 at \_\_\_\_ o'clock \_\_.m., or such other date as may be fixed by the Court, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining Defendants and the Restrained Parties in the manner set forth in subparagraphs (1)–(7) of this Order for the duration of this litigation; and it is further

ORDERED, that answering papers, if any, be filed by the Defendants with this Court and served by email upon Gilead's counsel, Patterson Belknap Webb & Tyler LLP, at gpotter@pbwt.com and prepfraud@pbwt.com, and Squire Patton Boggs, at franklin.monsour@squirepb.com, on or before noon on the \_\_\_ day of _____, 2020, and reply papers shall be filed and served on or before noon on the \_\_\_ day of _____, 2020; and finally, it is

ORDERED, that the Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance and confirmation of the preliminary injunction, and that failure of the Defendants to respond to the Order to Show Cause by noon on the \_\_\_ day of _____, 2020 shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action.  The Restrained Parties shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Restrained

6

12002489

Parties in violation of any of its terms may be considered and prosecuted as contempt of this Court.

|  |
| --- |
| UNITED STATES DISTRICT JUDGE |

Issued: _____ at \_\_\_ o'clock \_.m.