IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
1:20-CV-24523-KMW

GILEAD SCIENCES, INC., GILEAD
SCIENCES IRELAND UC,

    Plaintiffs,

v.

AJC MEDICAL GROUP, INC., *et al.*

    Defendants.

_____/

**RESPONSE IN OPPOSITION TO PLAINTIFFS' EXPEDITED MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, Florimed Medical Center Corp. ("Florimed") and Dr. Tomas Wharton (collectively "Defendants" or "Dr. Wharton") respond in opposition[1] to the motion for entry of a temporary restraining order, followed by a preliminary injunction, and related relief filed by Gilead Sciences, Inc. and Gilead Sciences Ireland UC, DE-3, and moves to dissolve the Court's November 3, 2020 Temporary Restraining Order, DE-27. In support Defendants state as follows:

**I.     INTRODUCTION**

To the extent it would discontinue his ability to prescribe PrEP medication for his patients, Dr. Wharton respectfully requests that this Court deny Plaintiffs' request for drastic and extraordinary relief via entry of a preliminary injunction. Plaintiffs' Motion should be denied for the following reasons: (1) Plaintiffs are unable to prove that they are likely to succeed on the merits; (2) Plaintiffs are unable to prove a substantial risk of irreparable harm or an inadequate remedy at law; (3) the harm to Defendants caused by the entry of an injunction far outweighs any potential harm to Plaintiffs as it pertains to the allegations against Dr. Wharton; and (4) entry of an injunction is adverse to the public interest.

Plaintiffs have improperly sued Dr. Wharton based on speculation. Despite Plaintiffs' conjecture, at all pertinent times, Dr. Wharton had no affiliation with co-Defendant, Doctors

---

[1] Dr. Wharton does not object to, or seek to dissolve for purposes of the TRO, the requirement that Defendants maintain all files and not remove or destroy any of them. *See* DE-27 ¶ 6.

United, Inc. d/b/a Doctors United Corp. ("Doctors United"). Notably, the brief affiliation that Dr. Wharton had with Doctors United took place *before* Doctors United had obtained approval for its 340B Drug Pricing Program Designation, which allowed it to prescribe Gilead's HIV prevention pharmaceuticals in 2019.[2] As Plaintiffs' own filings indicate, any affiliation Dr. Wharton had with Doctors United ended in 2018. Accordingly, Plaintiffs' timeline exonerates Dr. Wharton of wrongdoing. Conclusory allegations of guilt by association are insufficient to warrant the entry of a preliminary injunction.

Plaintiffs' Complaint alleges that Dr. Wharton was briefly affiliated with Doctors United before Gilead's HIV prevention medication, TRUVADA® and DESCOVY®, were even in play for purposes of the parties in this lawsuit. Doctors United's unilateral and unauthorized use of Dr. Wharton's office addresses created the false appearance that Dr. Wharton had some sort of affiliation with Doctors United as it pertains that companies' business practices and method of prescribing TRUVADA® and DESCOVY®. Despite Plaintiffs' unsupported allegations, at all relevant times, Dr. Wharton has had no affiliation with Doctors United.

Enjoining Florimed from allowing his patients to participate Gilead's Advancing Access® Patient Assistance Program ("PAP") or Medication Assistance Program ("MAP"), and effectively stopping Dr. Wharton from properly providing PrEP medication to eligible patients would frustrate the very purpose of the overbroad injunction Plaintiffs seek – to continue to save lives through HIV prevention treatment. Accordingly, granting a preliminary injunction against Dr. Wharton and Florimed would be improper and Plaintiff's Motion should be denied.

## II.   BACKGROUND

Dr. Wharton is a medical doctor who provides pre-exposure prophylaxis (or PrEP) treatment to his eligible patients. *See* Declaration of Tomas Wharton attached Exhibit A ¶ 2.[3] Dr. Wharton owns Florimed. *Id.* ¶ 3.

On June 13, 2018, Dr. Wharton was named president of Doctors United. *See id.* ¶ 4. On December 21, 2018, Dr. Wharton was removed as president of Doctors United and since then has not had any affiliation with Doctors United. *Id.* ¶ 5. Any contrary representations by Doctors United would be false. *Id.*

---

[2]   Dr. Wharton was permitted to utilize his 340B Designation in early 2020. *See* Ex. A.
[3]   Dr. Wharton's Declaration will be filed under separate cover.

Upon information and belief, in 2019, after Dr. Wharton ended his brief affiliation with Doctors United, Doctors United obtained approval for its 340B Drug Pricing Program Designation that permitted it to prescribe TRUVADA® and DESCOVY® to eligible patients. *Id.* ¶ 6. On November 20, 2019, Florimed obtained approval for its 340B Drug Pricing Program Designation that ultimately permitted Dr. Wharton to prescribe TRUVADA® and DESCOVY® to eligible patients starting in January of 2020. *Id.* ¶ 7. Dr. Wharton has never participated – directly or indirectly – in the actions described in Plaintiffs' Complaint. *Id.* ¶ 8.

Despite Plaintiffs' allegations, Dr. Wharton has not prescribed a total of 766 bottles of PrEP medication. He has properly prescribed far less than that amount to his eligible patients. *See id.* at 9.

### III.  MEMORANDUM OF LAW

#### A.  Standard

To succeed in obtaining a preliminary injunction, a plaintiff must prove: (1) a substantial likelihood of success on the merits, (2) a substantial risk of irreparable harm, (3) that the defendant would not be excessively harmed by the injunction and (4) that the injunction is not adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2002).

The Eleventh Circuit cautions that "'[a] preliminary injunction is an extraordinary remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Id. at* 1176; *see also Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003); *see also Liberty Am. Ins. Group v. WestPoint Underwriters, LLC*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001) (recognizing that an injunction is an "'extraordinary and drastic remedy' not be granted unless the movant *clearly* carries the burden of persuasion on all four factors")(emphasis added).

#### B.  Plaintiffs are not entitled to entry of a preliminary injunction because they are not likely to succeed on the merits of their claims.

Plaintiffs cannot meet the burden of proof necessary to show success and, therefore, the preliminary injunction should be denied. "In determining whether to enter a preliminary injunction, the first element, the likelihood of success on the merits, is generally considered the most important." *Oce N. Am., Inc. v. Caputo*, 416 F. Supp. 2d 1321, 1325 (S.D. Fla. 2006) (citing *Garcia-Mir v. Meese*, 78 1 F.2d 1450, 1453 (11th Cir. 1986)). "A failure to meet this first element can defeat the party's request for a preliminary injunction regardless of its ability to establish any

of the other elements. *Id.* (citing *Haitian Refugee Ctr. v. Christopher*, 43 F.3d 1431, 1432 (11th Cir. 1995). A preliminary injunction should only be granted if the movant carries the burden of persuasion. *Id.* (citing *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)).

Plaintiffs have failed to meet their burden of persuasion because they offer no concrete allegations that Dr. Wharton has committed or assisted other parties in committing the alleged fraudulent acts. In their Complaint and Motion, Plaintiffs seek entry of a preliminary injunction purportedly predicated upon Defendants' fraudulent conduct. DE-1 ¶1, DE-3. However, Plaintiffs failed to allege that Florimed or Dr. Wharton specifically were involved in the alleged fraud. Instead, Plaintiffs offer speculation and innuendo by way of an affidavit executed by private investigator Emilio Garcia, DE-7, who put forth no evidence against Florimed and Wharton.

Without citing supportive facts, Mr. Garcia insinuates that Dr. Wharton was complicit in the fraudulent acts allegedly committed by Doctors United merely because, from June 2018 to December 2018, Dr. Wharton was listed as President of that company. *See id.* ¶¶ 34-35. The affidavit muses that, because Dr. Wharton was listed in that capacity, he must have done something wrong, despite the fact that Doctors United did not yet have its 340B designation until after Dr. Wharton ended his brief affiliation with that company.[4] Stretching this imaginative logic further, the affidavit tacitly surmises that because Dr. Wharton is a corporate officer of Florimed, Florimed also must have been involved in the alleged wrongdoing.

The relevant paragraphs of Mr. Garcia's affidavit are as follows:

> Additional filings with the Florida Division of Corporations show that in May 2018, Defendant Jennifer John Carbon was removed as President [of Doctors United]. Ex. 3. In June 2018, Defendant Tomas Wharton was added as President; he was removed from this role in December 2018. Ex. 4; Ex. 5. Defendant Wharton is currently a corporate officer of Defendant Florimed, a company that operates a healthcare clinic. *See infra* ¶ 35.

> \*\*\*\*

> Defendant Florimed is a For-Profit corporation with its current principal place of business at 311 NE 8th Street, Suite 110, Homestead, Florida 33030. Ex. 18.

---

[4] *See* Ex. A.

> According to the latest filings with the Florida Secretary of State, the company's sole corporate officer is Defendant Tomas Wharton. *Id.* Defendant Wharton is also a former President of Defendant Doctors United. *See infra* ¶ 20.

DE-7 ¶¶ 20, 34, 35.

The investigator never offers a statement that could be construed as directly implicating Dr. Wharton in the alleged fraud conspiracy. He effectively states that, in his experience, the "overlap" among the various companies suggests that something was amiss:

> My investigation found that there is considerable overlap in the management and operations of the Entity Defendants, including in how these Defendants conduct their business with respect to the MAP.
>
> In my experience, these types of overlapping and opaque corporate structures are the hallmarks of a business created to defraud. A legitimate business typically seeks to leverage the synergies of a shared business name, rather than obscure the true nature of its relationship with its affiliates and subsidiaries.

DE-7 ¶¶ 8, 9.

Therefore, Plaintiffs' allegations against Florimed and Wharton are conclusory statements that offer no supportive facts or logical inferences that could support a good faith claim against Dr. Wharton. Besides Dr. Wharton's Declaration, Plaintiffs' own Complaint shows that the timeline does not implicate Dr. Wharton in the alleged conspiracy:

> Advancing Access® records show that *since 2019*, the Clinic and Pharmacy Defendants have enrolled individuals in the MAP and made redemption claims at rates that significantly exceed the enrollment and prescribing activity of all other healthcare providers in Florida.

DE-1 ¶ 165 (emphasis added). In fact, **the FDA had not even approved DESCOVY® for PrEP until 2019**. *Id.* ¶ 131.

The timeline offered in Plaintiffs' own pleading contradicts the assertion that Dr. Wharton was complicit in Doctors United's alleged bad acts. It is axiomatic that conclusory allegations based on speculation cannot form the basis of a preliminary injunction. *See Axiom Worldwide, Inc. v. HTRD Grp. H.K. Ltd.*, 2015 BL 442499 (M.D. Fla. 2015) (denying a preliminary injunction because the allegations made were conclusory); *Island Wifi Ltd. LLC v. At&t Mobility Nat'l Accounts LLC*, 2020 BL 419750, 2 (S.D. Fla. Sept. 14, 2020) (Plaintiff needs more than conclusory arguments that it has a substantial likelihood of success to be granted a preliminary injunction); *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1306 (S.D. Fla. 2009) (denying the

preliminary injunction because the Plaintiff did not show how they are likely to succeed on the merits or provide facts to support the allegations) (quoting *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir.1994)).[5] Therefore, Plaintiffs are unlikely to succeed on the merits and their motion for preliminary injunction should be denied.

### C. Plaintiffs are not entitled to entry of a preliminary injunction because Plaintiffs have failed to allege irreparable harm.

The sole purpose of providing the extraordinary remedy of injunctive relief is to prevent irreparable harm from occurring in the future. *See Dombrowski v. Pfister*, 380 U.S. 479, 485 (1965) (noting that "[i]njunctive relief looks to the future") (emphasis added); *see also Alabama v. US Army Corps of Engineers¸* 424 F. 3d 1117, 1133 (11th Cir. 2005) (citing *United Bonding, Ins. Co. v. Stein*, 410 F. 2d 483, 486-87 (3d Cir. 1969)); *see also NE Fla. Chp. Of Ass'n of Gen. Contractors of Amer. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978)).

While Plaintiffs may have offered sufficient allegations of a substantial risk of irreparable harm if certain other Defendants continue conducting the alleged bad acts, they fall short when it comes to Dr. Wharton. As stated previously, Plaintiffs' case against Dr. Wharton relies on an unfounded 'guilty-by-association' theory that cannot form the basis of an injunction.

### D. The harm to Dr. Wharton would outweighs any harm to Plaintiffs

Plaintiffs will feel very little effect from the preliminary injunction. Gilead is a publicly traded company with yearly revenue over $20 billion. Plaintiffs have failed to show any concrete evidence to support its allegations that Defendants are fraudulently acting according to the allegations in the Complaint.

Significantly, Dr. Wharton's practice is focused on HIV prevention. As Plaintiffs' filings support, Gilead's medication is an important component of preventing HIV. Dr. Wharton has, at

---

[5] *James v. Ramsey*, 2020 BL 197814 (S.D. Fla. May 26, 2020) (conclusory allegations made by plaintiff do not meet the burden of showing likelihood of success on the merits); *Mason v. Fla. Dep't of Corr.*, 2016 BL 297290, 2 (S.D. Fla. Sept. 09, 2016) (Plaintiff's vague, conclusory, and speculative allegations "fail to satisfy the factors necessary to meet the exceedingly high bar for granting this extraordinary remedy."); *Sylvestre v. Palm Beach Cty. Sheriff's Office*, 2017 BL 17454, 3 (S.D. Fla. Jan. 19, 2017) ("The allegations are too vague, conclusory, and uncertain to warrant issuance of a preliminary injunction.").

all relevant times, operated his clinic legitimately and legally, unlike the other named defendants who, according to Plaintiffs, are purportedly breaking the law and taking advantage of disenfranchised patients. *See* DE-1.

To stop the operations of a legitimate clinic that was properly providing the drugs to eligible patients and potentially saving the lives of those patients would frustrate the very purpose of Plaintiffs' injunction. Without concrete evidence – or even allegations – to show that Defendants have acted fraudulently, granting an injunction against Dr. Wharton would harm Dr. Wharton's patients and his practice more than a denial would harm Gilead.

### E. Entry of the injunction would be contrary to the public interest.

It is against the public interest to allow litigants to obtain a preliminary injunction based solely on speculation. *See Plumbers & Pipefitters Local 295 v. G & W Plumbing, Co.*, 2006 BL 40320, 4 (M.D. Fla. 2006) (finding it against public policy and due process concerns to grant an injunction when little evidence is available and is contested). Public policy is not served "by bypassing the traditional route of discovery and trial in favor of granting relief first, and requiring proof later." *Id.*

Plaintiffs have failed to allege concrete facts that would support the accusation that Florimed or Dr. Wharton are involved in the fraudulent conduct Described in Plaintiffs' Complaint. The only evidence it offers is that Dr. Wharton was briefly listed as President of Doctors United for before Doctors United was approved to prescribe TRUVADA®, and before the FDA even approved DESCOVY®. Granting a preliminary injunction in the absence of any non-speculative allegations would be harmful to the public's interest. Plaintiffs' motion should therefore be denied.

### IV. CONCLUSION

WHEREFORE, Defendants, Dr. Tomas Wharton and Florimed Medical Center Corp., respectfully request that the Court deny Plaintiff's request for a preliminary injunction and to dissolve the Temporary Restraining Order.

Dated: November 11, 2020

Respectfully Submitted,

**Buchanan Ingersoll & Rooney PC**
One Biscayne Tower
2 South Biscayne Blvd., Suite 1500
Miami, Florida  33131
Telephone: (305) 766-4580

By: */s/ Kyle B. Teal*
Kyle B. Teal, Esq.
Florida Bar No. 99193
Kyle.Teal@bipc.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

By: */s/ Kyle B. Teal*
Kyle B. Teal, FBN: 99193