# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GILEAD SCIENCES, INC.; GILEAD SCIENCES IRELAND UC,<br><br>      Gilead,<br><br> v.<br><br>AJC MEDICAL GROUP, INC.; ALLIANCE MEDICAL CENTER, INC.; ALLIED HEALTH ORGANIZATION, INC.; BAIKAL MARKETING GROUP, INC.; A BETTER YOU WELLNESS CENTER, LLC; 3RD STEP RECOVERY GROUP, INC. D/B/A CONTINENTAL WELLNESS CENTER; COMMUNITY HEALTH MEDICAL CENTER LLC; DOCTORS UNITED, INC. D/B/A DOCTORS UNITED GROUP; FLORIMED MEDICAL CENTER CORP.; JUAN JESUS SALINA, M.D. CORP.; LABS4LESS LLC; PHYSICIAN PREFERRED PHARMACY, INC.; POSITIVE HEALTH ALLIANCE, INC.; PRIORITY HEALTH MEDICAL CENTER, INC.; TESTING MATTERS INC.; UNITED CLINICAL LABORATORY LLC; UNITED PHARMACY LLC; WELL CARE LLC; TAMARA ALONSO; JEAN ALEXANDRE; CHENARA ANDERSON; MYRIAM AUGUSTINE; TWIGGI BATISTA; ARSEN BAZYLENKO; MICHAEL BOGDAN; BARBARA BRYANT; AUGUSTINE CARBON; JENNIFER JOHN CARBON; KHADIJAH CARBON; ALEJANDRO CASTRO; JOHN CATANO; JEAN CHARLOT; SHONTA DARDEN; ALEXANDER EVANS; MARIA FREEMAN; JESULA GABO; SHAJUANDRINE GARCIA; BARBARA GIBSON; KERLINE JOSEPH; VIERGELA JOSEPH; ANDRE KERR; GARY KOGAN; CASSANDRA LOUISSAINT; CORA MANN; NICK MYRTIL; IFEOMA NWOFOR; ERIK JOSEPH PAVAO; WILLIE PEACOCK; MICHAEL PIERCE; MICHEL POITEVIEN; JEAN RODNEY; TATIANA ROZENBLYUM; JUAN JESUS SALINA; DIMITRY SHAPOSHNIKOV; ROMAN SHEKHET; KIRILL VESSELOV; MIKHAIL VESSELOV; TOMAS WHARTON,<br><br>      Defendants. | Civil Action No. 20-cv-24523-KMW |

12129847

## **STIPULATION AND [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION**

UPON THE STIPULATION AND AGREEMENT by and between the undersigned counsel for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland, UC (together, "Plaintiffs"), and counsel for Defendant Positive Health Alliance, Inc. ("Positive Health"), it hereby is ORDERED as follows:

1.     Positive Health acknowledges having been served with the following documents and waives any defenses as to personal or subject matter jurisdiction with respect to these documents: (a) the Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction entered by the Court on November 3, 2020 ("Temporary Restraining Order"); (b) the Complaint; (c) Gilead's Expedited Motions for a Temporary Restraining Order and Preliminary Injunction, Expedited Discovery Order, and a HIPAA Protective and Confidentiality Order ("Motions"); and (d) the Memorandum of Law, Proposed Orders, Declarations and related exhibits submitted in support of Gilead's Motions.

2.     Positive Health maintains that it has done no wrong.  Positive Health believes that the conduct addressed in the Temporary Restraining Order, the Complaint, the Motions, and the Memorandum of Law, Proposed Orders, Declarations and related exhibits speaks to misconduct properly attributable to other persons and entities – not Positive Health.  Positive Health believes that there undeniably is wrongful conduct that is occurring in its field of business that absolutely needs to be rooted out and brought to an end, and Positive Health hopes to be of assistance in that regard.  Accordingly, Positive Health willingly is agreeing to this Stipulation and [Proposed] Order for Preliminary Injunction.  Doing so will allow Positive Health to conserve resources and to cooperate with Plaintiffs with the hope that upon further investigation and review, Plaintiffs will conclude that Positive Health is a good and worthy business partner; that Positive Health

faithfully has acted in ways that are consistent with Plaintiffs' stated goals of advancing Plaintiff's vision "[t]o create a better, healthier world for all people" and Plaintiffs' credo of "doing what's right;" and that Positive Health ultimately should be permitted to resume working with Plaintiffs to serve the communities that Positive Health faithfully has served until now. That said, Positive Health acknowledges that no promises, representations, or assurances of any kind have been made by Plaintiffs. Still, Positive Health voluntarily chooses to cooperate with Plaintiffs and willingly agrees to enter into this Stipulation and [Proposed] Order for Preliminary Injunction.[1]

      3.      The Temporary Restraining Order is hereby converted to a preliminary injunction against Positive Health and its principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with it. For avoidance of doubt, nothing herein shall relieve Positive Health and its principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with it from any obligation imposed on them under the Temporary Restraining Order.

      4.      Positive Health and its principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with it, pending the final hearing and determination of this action, are preliminarily enjoined from:

    a. Enrolling or seeking to enroll in Gilead's Advancing Access® Patient Assistance Program ("PAP") or Medication Assistance Program ("MAP") any individual who has been prescribed TRUVADA® or DESCOVY®;

---

[1] For avoidance of doubt, Paragraph 2 states the position of Positive Health alone. Plaintiffs do not join in or stipulate to Paragraph 2.

    b. Seeking or accepting reimbursements, either directly or indirectly, for any TRUVADA® or DESCOVY® dispensed to any individual enrolled in Gilead's PAP or MAP;

    c. Dispensing TRUVADA® or DESCOVY® to individuals in packaging other than original, unopened containers from the manufacturer;

    d. Dispensing TRUVADA® or DESCOVY® to individuals unaccompanied by its FDA-approved labeling, package insert, lot number, serialization number, or expiration date;

    e. Selling, purchasing, or otherwise obtaining, TRUVADA® or DESCOVY® that had previously been filled or dispensed;

    f. Removing from their premises, or discarding, destroying, transferring or disposing in any manner, any information, computer files, electronic files, WhatsApp or text messages, business records (including but not limited to e-mail communications) or other documents relating to their assets and operations or relating in any way to any of the activities referred to in subparagraphs (a) through (e) above; and

    g. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

5. Positive Health and its principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with it shall make arrangements to turn over to Gilead's designee, Mr. Emilio Garcia of SMG Consulting, within three business days of the entry of the Temporary Restraining Order all TRUVADA® or

DESCOVY® that is in their possession, custody or control and that either (a) is no longer in its original, unopened container from the manufacturer, or (b) that had previously been filled or dispensed, to be held by Gilead until further order of this Court.  Mr. Garcia can be contacted by phone at 305-319-0482 or by email at emilio.garcia@smgconsultingservices.com to arrange for the medication to be promptly turned over and inventoried.

6. Nothing herein should be construed to prevent Positive Health and its principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with it from advising individuals who are enrolled or may wish to enroll in the MAP or PAP that, to obtain or continue obtaining any Gilead medication dispensed through the MAP or PAP, they should contact Gilead's Advancing Access® directly at 1-800-226-2056 to discuss continued coverage and access options.

7. Positive Health shall produce to Gilead, within ten (10) business days of executing this Stipulation, a document or documents sufficient to show:

> a. the names, addresses, and contact information of all pharmacies, clinics, laboratories, or any other businesses, proprietorships, corporate entities or partnerships that since February 1, 2018, Positive Health has, or had, a direct or indirect ownership interest in, or has directly or indirectly directed or controlled; or which is a direct or indirect predecessor or successor in interest, parent, subsidiary, or affiliate of Positive Health ("Document Order 1");
>
> b. all reimbursements or other remuneration received, either directly or indirectly, since February 1, 2018 by Positive Health or any pharmacy, clinic, laboratory, or any other business, proprietorship, corporate entity, or partnership identified in response to Document Order 1, on an entity-by-entity

        basis, for any TRUVADA® or DESCOVY® dispensed to any individual enrolled in Gilead's PAP or MAP ("Document Order 2");

    c. The names, addresses, phone number and contact information for all directors, officers and other persons employed since February 1, 2018 by Positive Health or any pharmacy, clinic, laboratory, or any other business, proprietorship, corporate entity, or partnership identified in response to Document Order 1 ("Document Order 3");

8. Positive Health waives any and all rights it might have to a further hearing to challenge the issuance of this preliminary injunction.

9. Positive Health and its principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with it release Gilead and its surety from any and all liability under the bond the Court has ordered as security in connection with the Temporary Restraining Order.

10. This Stipulation may be executed in counterparts. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: November 11, 2020

**CONSENTED AND AGREED TO BY:**

| | |
|---|---|
| PATTERSON BELKNAP WEBB & TYLER LLP<br><br>By: *[signature]*<br>　　Geoffrey Potter (gpotter@pbwt.com)<br>　　Jonah Knobler (jknobler@pbwt.com)<br>　　Joshua Kipnees (jkipnees@pbwt.com)<br>　　Timothy A. Waters (twaters@pbwt.com)<br>　　R. James Madigan III (jmadigan@pbwt.com)<br>　　Jared S. Buszin (jbuszin@pbwt.com)<br>　　Devon Hercher (dhercher@pbwt.com)<br>　　Jacob Chefitz (jchefitz@pbwt.com<br><br>1133 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (917) 854-2310<br>Facsimile: (212) 336-2222<br><br><br>SQUIRE PATTON BOGGS (US) LLP<br><br>P. Jan Kubicz (FBN 84405)<br>(jan.kubicz@squirepb.com)<br>200 South Biscayne Boulevard, Suite 4700<br>Miami, FL 33131<br>T.: (305) 577-7000<br>F.: (305) 577-7001<br><br>Franklin G. Monsour<br>(franklin.monsour@squirepb.com)<br>1211 Avenue of the Americas, 26th Floor<br>New York, NY 10036<br>T.: (212) 872-9800<br><br>*Attorneys for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland, UC* | DIMOND, KAPLAN & ROTHSTEIN, P.A.<br><br>By: *[signature]*<br>　　David A. Rothstein<br><br>2665 S. Bayshore Drive<br>Penthouse 2B<br>Miami, Florida 33133<br>Telephone: (305) 374-1908<br><br>*Attorneys for Positive Health Alliance, Inc.* |

SO ORDERED:

_____
HON. KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

12129847