## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

GILEAD SCIENCES, INC.; GILEAD SCIENCES IRELAND UC,

Civil Action No. 20-cv-24523-AMC

       Plaintiffs,

v.

AJC MEDICAL GROUP, INC. et al.,

       Defendants.

_____/

## MOTION TO QUASH SUBPOENAS TO BANKS AND REQUEST
## FOR EXPEDITED REVIEW

Defendants, Alejandro Castro, Allied Health Organization, Inc., A Better You Wellness Center, LLC, Myriam Augustine and Alexander Evans ("Defendants"), pursuant to Rules 26 (c) and 45 of the Federal Rules of Civil Procedure, file this Motion to Quash Subpoena served on Defendants' banks by Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC ("Plaintiffs").  In support, Defendants state as follows:

## INTRODUCTION

Plaintiffs, without any prior notice or forewarning, subpoenaed what appears to be every bank in Florida for the account documents for every defendant in this case (including Defendants) requesting **clearly privileged** bank account records to be produced within ten business without asking the Court to conduct the required necessity balancing test to obtain these privileged documents beforehand.  Plaintiffs served the subpoenas on the banks even though they had served discovery on Defendants asking for this information and the time to respond had not run.  The service of subpoenas (and quick response time) was clearly an attempt to subvert court review and analysis of the propriety of this request for privileged financial information in various ways: (a)

through a motion to compel following Defendants forthcoming objections (which Plaintiffs assuredly knew were coming); and (b) by requiring a ten business day turn around, Plaintiffs clearly hoped that they would receive responsive documents before Defendants had an opportunity to file and have heard a motion to quash.

This action is just one further action in Plaintiffs attempt to run rough shod over all the defendants in this case. Plaintiffs' appears to be taking the blitzkrieg approach to this litigation, attacking fast & hard, attempting to prejudice Defendants and providing insufficient time for appropriate countervailing action and court consideration. While the former action (attacking fast and hard) is fair game, the latter (not providing sufficient time for the Court to consider serious privacy issues) is not. In the process of this blitzkrieg approach—at least as to the instant subpoenas—Plaintiffs have acted in violation of applicable rules (as covered below). As such, this Motion to Quash should be granted and Plaintiffs should have to pay the fees that Defendants have incurred in relation to opposing the subpoenas.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 45(c)(3) provides, in pertinent part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies

The Subpoena, as covered below, seeks the disclosure of privileged information. *See* Email Attaching Sample Subpoena Being Sent to a List of 216 Banks, attached as Exhibit "A."

{00360287.DOCX }

I.      **THE SUBPOENA IS ENTIRELY IMPROPER AS PLAINTIFFS HAVE NOT REQUESTED THAT THE COURT ENGAGE IN A BALANCING TEST UNDER SECTION 655.059, FLORIDA STATUTES**

Through the subpoenas on Defendants' banks, Plaintiffs seeks extensive financial records and information concerning Defendants' bank accounts.  Florida courts have recognized that the expectation of privacy in financial records is protected under Florida law.  *See Netjets Aviation, Inc. v. Peter Sleiman Development Group, LLC.*, 2011 WL 6752540 (M.D. Fla. Dec. 22, 2011)(stating that the non-party "Ward is correct that 'the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institutions records.')(quoting *Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation*, 477 So. 2d 544, 548 (Fla.1985)).  Under Florida law, in order to overcome this expectation of privacy and § 655.059, the Court is required to conduct its own balancing analysis and enter an Order authorizing such production under § 655.059.  *See Banc of Am. Inc. Services, Inc. v. Barnett*, 997 So. 2d 1154, 1157 (Fla. 3d DCA 2008)(before the lower court could order production of the documents, the trial judge was mandated to require the parties seeking production to "make a showing of necessity which outweigh[ed] the countervailing interest in maintaining the confidentiality of such information.")(internal citations omitted).   Here, Plaintiffs have not sought a Court order permitting such discovery and just served subpoenas knowingly seeking confidential information without first asking the Court to engage in a balancing test—a violation of Rule 26(g) which prohibits knowingly seeking privileged information without at least having the Court engage in a balancing test beforehand.  *See* Fed. R. Civ. P. 26(b)(1) and (g)("[p]arties may obtain discovery regarding any non-privileged matter)("By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . with respect to a discovery request, response, or objection, it is consistent with these rules"); *Kleiman v. Wright*,

{00360287.DOCX }

2020 WL 996855, *2 (S.D. Fla. March 2, 2020)("Plaintiffs have not cited any authority for the proposition that the information obtained during this inquiry is non-privileged or otherwise discoverable").  Even if they had Plaintiffs had sought such a balancing analysis before issuing the subpoenas, Plaintiffs would be unable to meet the strenuous burden to overcome the privacy expectations, as covered below.  *See Berkely v. Eisen,* 699 So. 2d 789, 893 (Fla. 4th DCA 1997)(absent a record showing of a need for discovery information that overrides a non-party's constitutional right to privacy, a "judicial invasion into the non-party's right of privacy is not warranted").  Accordingly, the Court should grant Defendants' Motion to Quash.

## II.   THE SUBPOENA VIOLATES THE PRIVACY RIGHTS OF DEFENDANTS UNDER FLORIDA'S CONSTITUTION

"Article I, Section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or **compelling reason** to compel disclosure."  *Rowe v. Rodriguez-Schmidt*, 89 So. 3d 1101, 1103 (Fla. 2d DCA 2012)(quoting *Borck v. Borck,* 906 So.2d 1209, 1211 (Fla. 4th DCA 2005))(emphasis added).  The reason for this protection is that "personal finances are among those private matters kept secret by most people."  *See Rowe*, 89 So. 3d at 1103 (quoting *Woodward v. Berkery,* 714 So.2d 1027, 1035 (Fla. 4th DCA 1998)(citing *Winfield v. Div. of Pari-Mutuel Wagering,* 477 So.2d 544 (Fla.1985)).

Further, "the constitutional right of privacy undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues…"  *See Woodward*, 714 So. 2d at 1036.  "[T]he party seeking discovery of confidential information must make a showing of necessity which outweighs the countervailing interest in maintaining the confidentiality of such information."  *See Berkeley*, 699 So. 2d at 791.  Here, since Plaintiffs did not obtain court permission before seeking knowingly confidential

{00360287.DOCX }

information, Plaintiffs have made no showing that its need for the bank account records outweighs the constitutional protections afforded these records.  *See Berkeley*, 699 So. 2d at 893 (absent a record showing of a need for discovery information that overrides a non-party's constitutional right to privacy, a "judicial invasion into the non-party's right of privacy is not warranted").  For this reason, when the Court does conduct its balancing test, it must find that Plaintiffs have not demonstrated a compelling need for the bank account information that overrides the constitutional privacy rights associated with such documents.

**III.    THE COURT SHOULD AWARD ATTORNEYS' FEES AGAINST PLAINTIFFS FOR UNNECESSARILY REQUIRING PLAINTIFF TO FILE THIS MOTION**

Federal Rule of Civil Procedure 45(d)(1) directs the Court to impose attorneys' fees against a party who fails to take reasonable measures to avoid the incurrence of avoidable attorneys' fees in connection with a subpoena. In pertinent part, the Rule states:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. ***The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.***

Fed. R. Civ. P. 45(d)(emphasis added).  As noted above, the subpoenas clearly and indisputably improperly seek privileged information (a) without first asking the Court to conduct a balancing test; and (b) otherwise attempting to subvert Court analysis of the propriety of the Subpoenas. *See In re Edgewood Gen. P'Ship*, 166 B.R. 188, 190 (Bankr. M.D. Fla. 1994) (sanctioning attorney who served improper subpoena and refused to concede that the subpoena was ineffective even after the defendant's counsel informed her of the problematic nature of the subpoena); *McMullen v. GEICO Indem. Co.*, 2015 WL 2226537, at *9 (S.D. Fla. May 13, 2015) (holding that because the plaintiff failed to take reasonable steps to avoid imposing undue burden and expense in

{00360287.DOCX }

connection with the service of a subpoena, the court was obligated to award attorneys' fees and, based on the Court's own experience, determining that $3,000 in attorneys' fees would be awarded).  As such, the Court should require Plaintiffs to pay Defendants fees incurred in opposing the subpoenas.

## IV.   REQUEST FOR EXPEDITED REVIEW

Under the Local Rule 7.1(c), Plaintiffs have 14 days to respond to this Motion (which is after the February 3, 2021 response deadline in the subpoenas).   Given this, Defendants respectfully request expedited review.   Under Local Rule 7.1(d), Defendants respectfully request an expedited ruling on or before February 2, 2021 (as the subpoena response deadline, again, is February 3, 2021).

**CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel contacted counsel for Plaintiffs  who objected to the relief requested in this Motion.

**WHEREFORE**, Defendants, Alejandro Castro, Allied Health Organization, Inc., A Better You Wellness Center, LLC, Myriam Augustine and Alexander Evans requests that the Court (i) Quash the Subpoena; (ii) award Defendants the attorneys' fees incurred in opposing the subpoenas; and (iii) provide such other and further relief which the Court deems appropriate.

Dated: January 22, 2021.

6

WALDMAN BARNETT, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00360287.DOCX }

Respectfully submitted,

WALDMAN BARNETT, P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone: (305) 371-8809
Facsimile: (305) 448-4155
gwaldman@waldmanbarnett.com
jlam@waldmanbarnett.com
msayre@waldmanbarnett.com
litservice@waldmanbarnett.com

By:   /s/ Glen H. Waldman
     Glen H. Waldman, Esq.
     Florida Bar No. 618624
     Jeffrey R. Lam, Esq.
     Florida Bar No. 41323
     Michael A. Sayre, Esq.
     Florida Bar No. 17607

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been filed and furnished via the Court's

CM/ECF system on this 22nd day of January, 2021 to all counsel of record.

         /s/ Glen H. Waldman
         Glen H. Waldman, Esq.

WALDMAN BARNETT, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00360287.DOCX }