**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Civil Action No. 20-cv-23523-AMC

GILEAD SCIENCES, INC.; GILEAD
SCIENCES IRELAND UC,

    Plaintiffs,

v.

AJC MEDICAL GROUP, INC., *et al.*,

    Defendants.

_____/

**NOTICE OF JOINDER BY DEFENDANTS DR. TOMAS WHARTON AND FLORIMED
MEDICAL CENTER CORP. IN THE MOTIONS TO QUASH SUBPOENAS
<u>TO BANKS AND REQUEST FOR EXPEDITED REVIEW</u>**

Defendants, Florimed Medical Center Corp. ("Florimed") and Dr. Tomas Wharton (collectively "Defendants" or "Dr. Wharton") by and through their undersigned counsel, respectfully join the Motion to Quash Subpoenas to Banks and Request for Expedited Review [DE 303] (the "Motion") filed by Defendants Alejandro Castro, Allied Health Organization, Inc., A Better You Wellness Center, LLC, Myriam Augustine and Alexander Evans (the "Allied Health Defendants"), as well as the likeminded Notice filed by Defendants, Juan Jesus Salina, M.D. Corp. and Juan Jesus Salina (the "Salina Defendants"), [DE 307], and further join in, adopt and incorporate by reference all arguments made in the Motions as though fully set forth herein.

The classes of records sought in the subpoenas at issue are identical to those sought from Defendants Florimed and Dr. Wharton. Defendants Florimed and Dr. Wharton write separately only to expand upon the Motions as to Defendants' standing to object to the violation of their privacy interests, and to the lack of a reasonable timeframe provided to respond to the subpoenas. In support, Defendants state as follows:

## MEMORANDUM OF LAW

**I.   THE SUBPOENAS VIOLATE THE PRIOR NOTICE REQUIREMENT SET FORTH UNDER FED. R. CIV. P. 45(A).**

Fed. R. Civ. P. 45(a) (4) requires that notice be served on each party to the litigation before a subpoena is served on a third-party. *Warren v. Delvista Towers Condo. Ass'n*, 2014 U.S. Dist. LEXIS 56478, at *3 (S.D. Fla. 2014). Defendants meet the threshold for standing because parties to the litigation can challenge the lack of prior notice of subpoenas to non-parties under Fed. R. Civ. P. 45(a) ("put simply, this right [to challenge] belongs to the [party])." *Hensley v. 3M Co.*, 2021 U.S. Dist. LEXIS 5499, at *8 (N.D. Fla. 2021).

The purpose of this prior notice provision is to allow opposing parties the opportunity "to object to the subpoena prior to the date set forth in the subpoena." *Id.* citing *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006). "A subpoena may be quashed due to a party's failure to comply with Rule 45." *Steel Works Rebar Fabricators, LLC v. Alterra Am. Ins. Co.*, No. 11-24032-CIV, 2012 U.S. Dist. LEXIS 72985, 2012 WL 1918704, at *2 (S.D. Fla. May 25, 2012).

Here, Plaintiffs did not give Defendants sufficient prior notice of the subpoenas before serving them on the third-party banks.  Plaintiffs were, at least, already in the process of serving the subpoenas via FedEx before, or concurrently upon, providing notice to Defendants. On January 22, 2021 Plaintiffs sent an e-mail copying all counsel of record stating that they had "sent the subpoenas via FedEx." [DE 307-1].  Thus, Plaintiffs subpoenaed hundreds of nonparties without giving Defendants adequate prior notice.  Defendants did not have an opportunity to object prior to the subpoenas being issued and, as a consequence, face the virtually impossible task of contacting hundreds of nonparties to request that they refrain from producing records until all objections are addressed by the Court.

Plaintiffs' lack of prior notice, therefore, did not afford Defendants the opportunity to object to the subpoenas in violation of Fed. R. Civ. P. 45(a)(4).

## II. THE SUBPOENA VIOLATES FED. R. CIV. P. 45(C)(3) BECAUSE THE SUBPOENA FAILED TO PROVIDE A REASONABLE TIME FOR DEFENDANTS TO COMPLY WITH THE SUBPOENA.

Rule 45(c)(3) requires a court to quash or modify a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3). "Ordinarily a party does not have standing to quash a subpoena served on a third party *unless* the party seeks to quash based on a 'personal right or privilege with respect to the materials subpoenaed.'" *Inglis v. Wells Fargo Bank N.A.*, 2016 U.S. Dist. LEXIS 64152, at *6-7 (M.D. Fla. 2016) (citing *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979) (emphasis added). A party has standing to quash a subpoena based on his or her personal right or privilege to their financial records. *See Mancuso v. Florida Metropolitan University, Inc.*, No. 09-61984-CIV, 2011 U.S. Dist. LEXIS 11141, 2011 WL 310726, at *1 (S. D. Fla Jan. 28, 2011) (holding that in an FLSA case, plaintiff had standing to challenge a subpoena directed to his bank).

Here, Defendants meet the threshold for standing because they have personal right with respect to their financial records and banking information. Plaintiffs seek extensive financial records and information concerning Defendants' bank accounts which they have a personal right in keeping confidential. Thus, Defendants have standing to object to the subpoenas under Fed. R. Civ. P. 45(c)(3).

Plaintiffs failed to provide reasonable time to comply with the subpoena in violation of Fed. R. Civ. P. 45(c)(3). Plaintiffs subpoenaed hundreds of entities, and it is impractical and unduly burdensome for Defendants to notify every entity that objections have been lodged before the due date for production within the unreasonably narrow timeframe that Plaintiffs have provided. It is

unlikely Defendants can notify all entities within that timeframe, and the production of these confidential records by non-party financial institutions would cause irreparable damage to Defendants' privacy interests.

WHEREFORE, for the reasons set forth in the Motion and expanded upon in this memorandum of law, Defendants Florimed and Dr. Wharton respectfully request that the Court enter an Order granting the Motions to Quash Subpoenas to Banks as against Defendants and award such further relief as the Court deems just and proper. Defendants Florimed and Dr. Wharton also join in respectfully requesting an expedited ruling.

    Respectfully submitted,

**Buchanan Ingersoll & Rooney PC**
One Biscayne Tower
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Telephone: (305) 347-5912

By: */s/ Kyle B. Teal*
Kyle B. Teal, FBN 99193
Kyle.Teal@bipc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

    */s/ Kyle B. Teal*
      Kyle B. Teal