IN THE UNITED STATES DISTRICT SOUTHERN DISTRICT OF FLORIDA

GILEAD SCIENCES, INC.
GILEAD SCIENCES IRELAND UC,

        Plaintiffs,        Civil Action No. 20-cv-24523-AMC

v.

AJC MEDICAL GROUP, INC.
ALLIANCE MEDICAL CENTER, INC.,

        Defendants,
_____/

**DEFENDANT JOHN CATANO'S COMBINED MOTION TO QUASH SERVICE OF PROCESS, VACATE AND SET ASIDE DEFAULT AND INCORPORATED MEMORANDUM OF LAW SHOWING GOOD FAITH PURSUANT TO COURT'S INSTRUCTION SET FORTH IN ITS MARCH 13, 2021 ORDER [DE 501]**

COMES NOW, Defendant, John Catano ("Dr. Catano") by and through undersigned counsel, makes this limited appearance pursuant to Local Rule 7.1(a) for the purpose of filing this Motion and pursuant to Rules 12(b)(5), 60(b)(1),(b)(6) and Rule 55(c) of the Federal Rules of Civil Procedure (FRCP) Moves to Quash Service of Process and Set Aside Default.

**INTRODUCTION**

This Court ordered the Clerk to enter a Default against Defendant John Catano ("Dr. Catano") on December 22, 2020 [DE 261] predicated upon Plaintiff's "proof of service" dated November 16, 2020 [DE 231]. The Affidavit of Service [DE 231] plainly states that service of the "papers" was perfected by "**affixing a true copy thereof to the door**" at Dr. Catano's "**usual place of abode**" asserted to be "**3570 West Hillsboro Blvd. Apt. 203 Coconut Creek, Florida 33073**." A plain reading of the Affidavit of Service establishes that there was no "personal service" made on Dr. Catano under F.S. §48.031(1)(a). Any attempt to characterize the attempted service as valid "substitute service" also fails because the "papers" were not left with "any person residing

therein who is 15 years of age or older and informing the person of their contents." as mandated by F.S. §48.031(1)(a) or **someone of suitable age and discretion who resides there…**" as mandated by Rule 4 of the Federal Rules of Civil Procedure. Finally, *the address where the "papers" were "affixed" to the door was not Dr. Catano's "usual place of abode."* At the time of the purported service Dr. Catano resided in Colombia, South America with his wife and newborn child.

## FACTS

1. From March 17, 2019 until the end of his residential's lease term on February 16th, 2020 Dr. Catano resided at 3570 West Hillsboro Blvd. Apt 203, Coconut Creek, Florida. (Please see Exhibit "A" Apartment Lease Contract with termination date February 16, 2020.)

2. On March 8, 2020, immediately after the end of the Lease's termination date, Dr. Catano traveled to Colombia, South America, his birthplace. (Please see Exhibit "B" Passport stamp indicating arrival date in Colombia.)

3. Dr. Catano's wife gave birth to their son, prematurely on June 19, 2020 in Colombia. Due to the child's medical needs and COVID travel restrictions, Dr. Catano did not travel to the United States throughout the remainder of the year 2020 and did not have a permanent residential address in Florida.

4. On the 7th of January 2021 Dr. Catano was able to travel to the United States to visit his adult daughter and returned to Colombia thirteen days later, January 20, 2021. (Please see Exhibit "C", Passport stamps indicating departure and arrival from and to Colombia.)

5. Dr. Catano has resided in Colombia, South America continuously from March 8, 2020 through January 7th, 2021 and remains in Colombia to this date, residing at Kilometro 7, Tribunas, Via Pereira, Armenia, Colombia.

6. The Affidavit of Service [DE 231] states on "November 16, 2020 … at 3570 West Hillsboro Blvd., Apt. 203, Coconut Creek, Fl. 33073…papers so served …upon John Catano…by affixing to door... a true copy thereof to the door, being defendant/respondent's usual place of abode."

7. The address at which papers were attached to the door was not the "usual place of abode" for John Catano on November 16, 2020 and he had not lived at that location for nine months.

8. Florida Statutes Chapter 48 strictly governs Service of Process in the State of Florida. There is no provision in Florida for posting service on a residential door, except in actions for possession of premises, and only after the Process Server certifies that at least two attempts at in-person service were made. See F.S. §48.183. Federal Rule 4 dictates that "Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) *following state law for serving a summons* in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's *dwelling or usual place of abode with someone of suitable age and discretion who resides there*;…" (Emphasis added)

9. On December 23rd, 2020, the Clerk of the Court entered a Clerk's Default against John Catano [DE 263], pursuant to this Court's paperless Order [DE 263] finding that "On December 7, 2020, Plaintiffs filed proof of service reflecting service."

10. The proof of service, however, due to mistake, inadvertence or excusable neglect, as stated above, did not actually reflect valid service on Dr. Catano.

11. Service of Process in this case does not meet the minimum Due Process requirements for *in personam* jurisdiction over Defendant John Catano.

12. Upon learning of the default, undersigned counsel immediately and diligently conferred with Plaintiff's counsel and reached an agreement in the form of a Stipulation vacating the Default while at the same time consenting to a preliminary injunction and disclosure of Dr. Catano's bank account records. Plaintiff and Defendant submitted a Stipulation and Proposed Order for Preliminary Injunction that vacates the Default on March 4, 2021[DE 489]. On March 15, 2021 this Court denied entry of the proposed order vacating default, without prejudice, on the basis that the Defendant must establish good cause for the remedy sought. [DE 501].

13. The basis for good cause in this matter can be found not only in the fact that the default was obtained through the filing of a deficient service affidavit and the fact that Plaintiff has no objection to the default being vacated, but also the fact that meritorious defenses exist. There is a longstanding precedent of favoring cases to be decided on the merits and not just on technical defaults, and Plaintiff will not be prejudiced by the remedy sought herein[1].

14. Defendant has meritorious defenses. Importantly, the allegations of the Complaint at Exhibit "C" allege actions purportedly taken by Dr. Catano, including having written prescriptions and attended patients in the year 2020 in Florida, approximately one (1) year after he

---

[1] "The standard to **vacate** a **default** is less stringent than the standard to **vacate** a **default** judgment. "**Good cause**" is a lenient standard, though not devoid of substance. Relevant factors include (1) whether the **default** was willful, (2) whether **vacating** the **default** would prejudice the plaintiff, (3) whether the defendant presents a meritorious defense, and (4) whether the defendant acted promptly to vacate the default. However, these factors are not "talismanic" and whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default. Where there are no intervening equities, any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." Leaderstat, LLC v. Abisellan, 252 F.R.D. 698, 699 (M.D. Fla. 2007) (emphasis added).

It is important to note that Plaintiff consents to vacating the default and previously executed a stipulation to that effect after a thorough negotiation on the merits.

had resigned from his employment at the location where these acts purportedly took place and during the time he resided outside of the country. (Please see Exhibit "D" Letter of resignation.)

15. Plaintiff sought, and has been granted, an extension of time to file a motion for Final Default Judgment. [DE 292]. No Final Judgment has been entered against Dr. Catano.

16. There have been no answers filed by any Defendant to date. In fact, Plaintiff has sought leave to amend its Complaint and the Court is still considering various motions to dismiss. Upon an Amendment to the Complaint, defaulted parties against whom Final Judgments have not been entered, cannot be subject to findings from a pleading (the original Complaint) which by operation of law is effectively, a nullity. Consequently, there is no prejudice to Plaintiff to have the Default vacated and proceed to defend on the merits[2].

17. The allegations in Gilead's Complaint so inextricably intertwine all the Defendants that any amendment will necessarily impact the allegations against Dr. Catano. If additional allegations are set forth against Dr. Catano in the Amended Complaint, service must be effected on Dr. Catano again. Vacating the default and ratifying/approving the Stipulation would eliminate the need for additional service and reduce costs since undersigned would accept service not only of the operative Complaint but also of any Amendment to same.

18. Plaintiff is prepared to file its Motion to Dismiss the pending complaint immediately upon the Default being vacated. There would be no delay by allowing Dr. Catano to properly raise and pursue his defenses.

---

[2] Courts disfavor default "because of the strong policy of determining cases on their merits." Pandorf v. P.A.C. Publ'g, Inc., No. 8:06-cv-2022-T-23TGW, 2006 U.S. Dist. LEXIS 93984, at *2 (M.D. Fla. Dec. 29, 2006), citing *Florida Physicians Insurance Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993).

WHEREFORE, Defendant John Catano respectfully requests that the Default entered against him and the Order dictating same be vacated and set aside so that he may proceed to defend on the merits.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

John Catano
electronic signature on file Dated 03/24/2021 CM/ECF would not load with code
John Catano

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Plaintiff's counsel does not oppose the relief sought and reserves the right to oppose the legal argument contained herein.

By: /s/ Roberto Villasante, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via email through CM/ECF filing on this 24th day of March 2021 to all counsel of record as designated by the Court's electronic case filing system.

By: /s/ Roberto Villasante
Roberto Villasante, Esq.
Florida Bar No. 437141
rvillasante@villasantelaw.com
T. 305-373-6548
F. 305-373-6568
4000 Ponce De Leon Blvd. Suite 470
Coral Gables, Florida 33146