UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GILEAD SCIENCES, INC.; GILEAD	Civil Action No. 20-cv-24523-AMC
SCIENCES IRELAND UC,

    Plaintiffs,

v.

AJC MEDICAL GROUP, INC. et al.,

    Defendants.
_____/

## JOINT MOTION TO CONTINUE TRIAL AND EXTEND PRE-TRIAL DEADLINES

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 7.6 of the United States District Court for the Southern District of Florida, Plaintiffs and Defendants (the "Parties") hereby file this Joint Motion to Continue Trial and Extend Pre-Trial Deadlines, and as good cause state as follows:

1. On November 3, 2020, Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC ("Plaintiffs") filed a 138-page Complaint with 19 counts against 58 Defendants. [D.E. 1].

2. On January 26, 2021, this Court entered its Order Setting Trial, Setting Pre-Trial Deadlines, and Referring Certain Matters to Magistrate Judge ("Trial Order"). [D.E. 311].

3. The Trial Order set this matter for trial during the Court's two-week trial calendar beginning on June 20, 2022. It also contained the following pre-trial deadlines:

    a. **August 27, 2021**. The parties exchange expert witness summaries or reports.

    b. **October 11, 2021**. The parties exchange rebuttal expert witness summaries or reports.

    c. **November 22, 2021**. **All** discovery, including expert discovery, shall be completed.

    d. **December 31, 2021**. The parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motions.

1

  e. **February 11, 2022**. The parties shall file all response memoranda of law in opposition to dispositive pre-trial motions.

  f. **March 11, 2022**. The parties shall file all reply memoranda of law in further support of dispositive pre-trial motions.

  g. **May 16, 2022**. The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine.*

4.  The Parties respect all of the Court's deadlines and have been working together in an effort to comply. A number of defense counsel have been coordinating with each other and Plaintiffs' counsel on several issues in an effort to be efficient and keep the case proceeding forward.

5.  On February 5, 2021, the majority of the Defendants filed motions to dismiss the Complaint. [D.E. 423-445]. Plaintiffs filed their Consolidated Opposition to the motions to dismiss on March 19, 2021 [D.E. 505], and replies were filed by May 4, 2021 [D.E. 556-570]. The motions to dismiss remain pending.

6.  Since the inception of this case, the Parties have engaged in written discovery and document production and have already completed several fact witness depositions. The document production was intensive with hundreds of thousands of documents produced by all Parties, and Parties are continuing to produce documents. Furthermore, dozens of third parties have been subpoenaed and also continue to produce documents.

7.  During this time, several issues have arisen with respect to discovery disputes requiring the intervention of Magistrate Judge Otazo Reyes.

8.  As a result, document discovery remains ongoing.

9. Moreover, in the interests of efficiency and avoiding duplication, the parties intend to defer depositions until document production pertaining to each respective witness is substantially complete.

10. The most pressing deadline is the August 27, 2021 deadline for the parties to exchange expert witness summaries or reports. But because fact discovery is ongoing and is expected to continue through the beginning of 2022, the Parties are not yet able to prepare those reports and do not yet know the substance or scope of the expert testimony they will require.

11. In light of the foregoing, the Parties anticipate an extension of all deadlines of six (6) months is necessary to complete discovery and file dispositive motions, which in light of the proximity to trial, would also necessitate a continuance of the trial so the Court will have sufficient time to review any dispositive motions filed by the parties.

12. "Rule 16(b) (4) of the Federal Rules of Civil Procedure provides that, 'A schedule may be modified only for good cause and with the judge's consent.'" *Malvaes v. Constellation Brands, Inc.*, 2015 WL 3862535, at *2 (S.D. Fla. June 22, 2015). "Rule 16's good cause standard precludes modification of a scheduling order unless the deadlines cannot 'be met despite the diligence of the party seeking the extension.' *Id.* (internal citations omitted).

13. "District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion." *Battle v. Am. Home Mortgage Servicing Inc.*, 2:15-CV-563-FTM-38CM, 2016 WL 7116272, at *2 (M.D. Fla. Dec. 7, 2016) (citing *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)).

14. Based on the foregoing, the Parties respectfully submit that it will be extremely difficult, if not impossible, to comply with the current deadlines set forth in the Trial Order.

15. Based on the foregoing good cause showing, the Parties respectfully request that the Court extend the pre-trial and trial deadlines as follows:

   a. **February 25, 2022.** Conclusion of fact discovery.[1]

   b. **March 25, 2022**. The parties exchange expert witness reports.

   c. **April 29, 2022**. The parties exchange rebuttal expert witness reports.

   d. **June 17, 2022**. <u>**All**</u> discovery, including expert discovery, shall be completed.

   e. **July 22, 2022**. The Parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motions.

   f. **September 2, 2022**. The Parties shall file all response memoranda of law in opposition to dispositive pre-trial motions.

   g. **September 30, 2022**. The Parties shall file all reply memoranda of law in further support of dispositive pre-trial motions.

   h. **30 days prior to trial**. The Parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine*.

   i. **January 2023 or a time convenient for the Court**. Calendar call.

   j. **January 2023 or a time convenient for the Court.** Trial period.

16. In the instant case, in light of the procedural posture, all Parties believe it is appropriate to extend the deadlines in the Trial Order, and agree that a continuance will help and not hinder a fair and effective trial. The Parties do not seek an extension of these deadlines for any improper purpose.

17. The Parties have shown good cause to grant this Joint Motion. While no party will be prejudiced if the Court grants the relief requested herein, each Party may suffer prejudice if the

---

[1] This deadline was not included in the original Trial Order. However, the Parties believe it is in all Parties' interests to stipulate to such a deadline to avoid having fact discovery spill over into the expert discovery period.

relief is denied. The parties are mindful of the Court's docket and believe this continuance of the pre-trial deadlines and trial date will not adversely impact upon the Court's orderly administration of this matter.

18.  The undersigned certifies that counsel for all Parties have agreed to the relief sought herein and this motion is being brought on behalf of all Parties.

**WHEREFORE**, for all of the foregoing reasons, the Parties jointly request that this Court enter a Revised Scheduling Order granting this motion and extending the Pre-Trial Deadlines as requested in this Motion and granting such other relief as this Court deems appropriate.

Dated: July 14, 2021.

| SQUIRE PATTON BOGGS (US) LLP | WALDMAN BARNETT, P.L. |
|---|---|
| /s/ *P. Jan Kubicz* <br> P. Jan Kubicz (FBN 84405) <br> jan.kubicz@squirepb.com <br> 200 South Biscayne Boulevard, Suite 4700 <br> Miami, FL 33131 <br> T.: (305) 577-7000 <br> F.: (305) 577-7001 <br><br> /s/ *Franklin G. Monsour* <br> Franklin G. Monsour (*admitted pro hac vice*) <br> franklin.monsour@squirepb.com <br> 1211 Avenue of the Americas, 26th Floor <br> New York, NY 10036 <br> T.: (212) 872-9800 <br><br> PATTERSON BELKNAP WEBB & TYLER LLP <br><br> /s/ *Geoffrey Potter* <br> Geoffrey Potter (*admitted pro hac vice*) <br> Jonah Knobler (*admitted pro hac vice*) <br> Joshua Kipnees (*admitted pro hac vice*) <br> Timothy A. Waters (*admitted pro hac vice*) <br> R. James Madigan III (*admitted pro hac vice*) <br> Jared S. Buszin (*admitted pro hac vice*) <br> Devon Hercher (*admitted pro hac vice*) | /s/ *Glen H. Waldman* <br> Glen H. Waldman, Esq. <br> Florida Bar No. 618624 <br> Jeffrey R. Lam, Esq. <br> Florida Bar No. 41323 <br> Michael A. Sayre, Esq. <br> Florida Bar No. 17607 <br> gwaldman@waldmanbarnett.com <br> jlam@waldmanbarnett.com <br> msayre@waldmanbarnett.com <br> litservice@waldmanbarnett.com <br> 3250 Mary Street, Suite 102 <br> Coconut Grove, Florida 33133 <br> Telephone: (305) 371-8809 <br> Facsimile: (305) 448-4155 <br><br> *Attorneys for Defendants Allied Health Organization, Inc., A Better You Wellness Center, LLC, Alejandro Castro, Myriam Augustine, and Alexander Evans* |

| | |
|---|---|
| Jacob Chefitz (*admitted pro hac vice*)<br>gpotter@pbwt.com<br>jknobler@pbwt.com<br>jkipnees@pbwt.com<br>twaters@pbwt.com<br>jmadigan@pbwt.com<br>jbuszin@pbwt.com<br>dhercher@pbwt.com<br>jchefitz@pbwt.com<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (917) 854-2310<br>Facsimile: (212) 336-2222<br><br>*Attorneys for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC* | |

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy hereof has been filed and furnished via the Court's CM/ECF system on this 14th day of July, 2021 to all counsel of record.

                                             /s/ *Glen H. Waldman*
                                              Glen H. Waldman, Esq.